UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JIMMIE STEPHEN, | No. 15-cv-3107 LB |
| Plaintiff, | **ORDER TO SHOW CAUSE RE. CONTEMPLATED DISMISSAL** |
| v. | [Re: ECF No. 2] |
| LT. H. WILLIAMS; et al., | |
| Defendants. | |
| _____/ | |

Jimmie Stephen, an inmate at the California Medical Facility in Vacaville, has filed this civil rights action under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* under to 28 U.S.C. § 1915. Mr. Stephen has consented to proceed before a magistrate judge. (ECF No. 1 at 4.) This matter is now before the court for consideration of Mr. Stephen's *in forma pauperis* application.

A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment.

*Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Mr. Stephen has filed many cases in the federal courts in California does not alone warrant dismissal under § 1915(g). *See id.* Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Mr. Stephen's prior prisoner actions and appeals reveals that he has had at least three such actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The qualifying cases include: (1) *Stephen v. Silverman*, N. D. Cal. Case No. C 10-496 SI (dismissed as frivolous); (2) *Stephen v. Reinhardt*, N. D. Cal. Case No. C 10-349 SI (dismissed as frivolous); (3) *Stephen v. Zulfacur*, S. D. Cal. Case No. 93cv1943 R (RBB) (dismissed for failure to state a claim upon which relief may be granted); (4) *Stephen v. Hernandez*, S. D. Cal. Case No. 06cv0171 L (WMc) (dismissed for failure to state a claim upon which relief may be granted); (5) *Stephen v. Shelar*, S. D. Cal. Case No.

06cv1054 LAB (WMc) (dismissed for failure to state a claim); (6) *Stephen v. Marshal*, C. D. Cal. No. 07-cv-5337-UA-SH (dismissed because action was "legally and/or factually patently frivolous" and for other reasons); and (7) *Stephen v. Hoxie*, C. D. Cal. No. 08-cv-3260-SH (dismissal for failure to state a claim).

In light of these dismissals, and because it does not appear that Mr. Stephen was under imminent danger of serious physical injury when he filed the complaint, Mr. Stephen is ORDERED TO SHOW CAUSE in writing filed no later than **August 14, 2015,** why *in forma pauperis* should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why the action should not be dismissed, Mr. Stephen may avoid dismissal by paying the full $400.00 filing fee by the deadline.

**IT IS SO ORDERED.**

Dated: July 16, 2015

_____
LAUREL BEELER
United States Magistrate Judge

Case 3:15-cv-03107-LB   Document 3   Filed 07/16/15   Page 4 of 4