UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JIMMIE E. STEPHEN,<br><br>    Plaintiff,<br><br>    v.<br><br>HAL WILLIAMS,<br><br>    Defendant. | Case No. 15-cv-03107-LB<br><br>**ORDER OF DISMISSAL WITH FURTHER LEAVE TO AMEND**<br><br>[Re: ECF No. 17 ] |

## INTRODUCTION

Jimmie Stephen, currently an inmate at the California Medical Facility-Vacaville, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 to complain about conditions at San Quentin State Prison, where he formerly was housed. He consented to proceed before a magistrate judge. (ECF No. 1 at 4.)[1] This action is now before the court for review of the second amended complaint. This order finds the second amended complaint to be deficient, and requires Mr. Stephen to file a third amended complaint.

## STATEMENT

On February 9, 2016, the court reviewed Mr. Stephen's amended complaint and issued an order of dismissal with leave to amend. (ECF No. 16.) That order noted that the amended

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

complaint was very garbled but appeared to be trying to allege a claim against lieutenant Williams and others for retaliating against Mr. Stephen, with the retaliation apparently being connected to disciplinary matters. The order explained the problems in the amended complaint, and gave specific directions as to what Mr. Stephen needed to do to cure those deficiencies in the second amended complaint he was directed to file. (*Id.* at 3-4.) The court set a deadline that would allow Mr. Stephen more than a month to prepare his second amended complaint.

Mr. Stephen filed a second amended complaint within just a few days of receiving the order of dismissal with leave to amend. His second amended complaint alleges that lieutenant Williams "willfully retaliated" against him "for 1st Amendment access of filed grievances against him under practice, custom, policy by filing 5 false write-ups thereby promulgating false disciplinary actions with risk of harm" on August 26, 2012, October 9, 2013, April 9, 2014, November 6, 2014, and December 21, 2014. (ECF No. 17 at 3 (random quotation marks omitted).) These actions allegedly caused Mr. Stephen to segregated and then transferred, which in turn prejudiced the parole board's consideration of whether he was suitable for parole. (*Id.*)

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must

be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The order of dismissal with leave to amend provided the following instructions about pleading a retaliation claim:

> [I]f Mr. Stephen wants to allege a retaliation claim, he must be sure to adequately plead all the elements. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Mr. Stephen should pay particular attention to identifying the First Amendment activities he engaged in by stating what he did and when he did it. He also should be sure to identify the adverse action(s) each state actor took in response to those First Amendment activities. Further, he should allege facts that plausibly suggest that the adverse actions were because of the First Amendment activity, and not simply that one followed the other.

(ECF No. 16 at 3.)

The second amended complaint fails to state a claim upon which relief may be granted because Mr. Stephen fails to follow most of the directions quoted above. His conclusory allegation that lieutenant Williams took actions because of some unspecified "grievances" does not adequately identify the First Amendment activities that allegedly prompted the retaliatory acts because Mr. Stephen fails to identify the grievances he had filed and when he filed them. Mr. Stephen also does not allege any facts plausibly suggesting that the disciplinary actions were *because of* Mr. Stephen's First Amendment activities. The omission of any facts plausibly suggesting causation is particularly problematic because that causal connection -- that the adverse action has been taken as payback for constitutionally-protected activity -- is the very essence of a retaliation claim. Further,

1    Mr. Stephen does not adequately identify the adverse actions taken by lieutenant Williams. He
2    alleges that lieutenant Williams filed five "false" disciplinary charges, but does not explain how
3    the disciplinary charges were false. The one disciplinary write-up attached to the second amended
4    complaint was not even written by lieutenant Williams; lieutenant Williams served as the hearing
5    officer for that write-up. (ECF No. 17 at 5-10.)

Mr. Stephen will be given one final chance to try to plead a claim for retaliation. The second amended complaint is dismissed with leave to amend. If Mr. Stephen wishes to pursue a retaliation claim against lieutenant Williams, he must file a third amended complaint that complies with all the directions in the block quote on page 3 of this order.

## CONCLUSION

For the foregoing reasons, the second amended complaint is **DISMISSED WITH FURTHER LEAVE TO AMEND**. Mr. Stephen must file a third amended complaint no later than **May 15, 2016**, and must include the caption and civil case number used in this order and the words THIRD AMENDED COMPLAINT on the first page. Mr. Stephen is cautioned that his third amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the third amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated: April 19, 2016

_____
LAUREL BEELER
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE E. STEPHEN,<br>   Plaintiff,<br>  v.<br>HAL WILLIAMS,<br>   Defendant. | Case No.  3:15-cv-03107-LB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 19, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jimmie E. Stephen ID: C56483
Vacaville State Prison CMF D-121-Up
PO Box 2500
Vacaville, CA 95696

Dated: April 19, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Lashanda Scott, Deputy Clerk to the
Honorable LAUREL BEELER