UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JIMMIE E. STEPHEN,<br><br>  Plaintiff,<br><br>  v.<br><br>HAL WILLIAMS, et al.,<br><br>  Defendants. | Case No. 15-cv-03107-LB<br><br>**ORDER OF DISMISSAL**<br>[Re: ECF Nos. 19, 20, 21 ] |

## INTRODUCTION

Jimmie Stephen, currently an inmate at the California Medical Facility-Vacaville (CMF-Vacaville), filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 to complain about conditions at San Quentin State Prison, where he formerly was housed. He consented to proceed before a magistrate judge. (ECF No. 1 at 4.)[1] This action is now before the court for review of the third amended complaint. This order finds that the third amended complaint fails to state a claim upon which relief may be granted against the first group of defendants, finds that a second group of defendants is improperly joined, and dismisses the action. This order also denies Mr. Stephen's motion for appointment of counsel.

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of documents.

**STATEMENT**

On February 9, 2016, the court reviewed Mr. Stephen's amended complaint and issued an order of dismissal with leave to amend. (ECF No. 16.) That order noted that the amended complaint was garbled but that Mr. Stephen appeared to be trying to allege a claim against Lieutenant Williams and others for retaliating against Mr. Stephen, with the retaliation apparently being connected to disciplinary matters. The order explained the problems in the amended complaint, and gave specific directions as to what Mr. Stephen needed to do to cure those deficiencies in the second amended complaint he was directed to file. (*Id.* at 3-4.) The court gave him guidance on pleading a retaliation claim, the need to link individual defendants to his claim, and the need to provide nonconclusory allegations of a conspiracy if he wished to pursue a claim on a conspiracy theory. (*Id.*) The court set a deadline that would allow Mr. Stephen more than a month to prepare his second amended complaint.

Mr. Stephen filed a second amended complaint within just a few days of receiving the order of dismissal with leave to amend. His second amended complaint alleged that Lieutenant Williams "willfully retaliated" against him. The court reviewed the second amended complaint and found that Mr. Stephen failed to follow most of the directions in the order of dismissal with leave to amend and had not stated a claim for retaliation. Specifically, Mr. Stephen had not adequately identified the First Amendment activities that allegedly prompted the retaliatory acts; had not alleged any facts plausibly suggesting that the disciplinary actions were because of Mr. Stephen's First Amendment activities; and had not adequately identified the adverse actions taken by Lieutenant Williams. (ECF No. 18 at 3-4.) The court granted Mr. Stephen "one final chance to try to plead a claim for retaliation" and permitted him to file a third amended complaint. (*Id.* at 4.)

Mr. Stephen then filed a third amended complaint. His third amended complaint included eight defendants and attempted to allege a retaliation claim and claims about parole proceedings. Like the earlier pleadings, the third amended complaint was rather garbled but offered a retaliation theory. Once again, Mr. Stephen alleged that Lieutenant Williams and persons acting at his behest did unfavorable things in connection with five disciplinary write-ups (on August 26, 2012, October 9, 2013, April 9, 2014, November 6, 2014, and December 21, 2014) that Mr. Stephen

thought were retaliatory because they were adverse.[2]

The third amended complaint also alleged a new claim that psychologists Geco and Jennifer Shaffer violated Mr. Stephen's right to due process at a November 5, 2015 parole suitability hearing at CMF-Vacaville. (ECF No. 20 at 7.) The third amended complaint also includes cut-and-pasted paragraphs about the "FAD" for the parole proceedings and a list of 20 things that might be problems at parole hearings or the BPH's methodology in general. (*Id.* at 8-11.)

**ANALYSIS**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

---

[2] Mr. Stephen already has challenged some of these disciplinary decisions. In *Stephen v. Chappell*, Case No. 14-cv-4683 SI, the court dismissed a habeas petition challenging the disciplinary decision for the August 26, 2012 CDC-115 because the discipline imposed (i.e., a counseling memorandum) was too minor to implicate a federal right to due process or support habeas relief. In *Stephen v. Chappell*, Case No. 14-cv-2876 SI, the court denied a habeas petition challenging the sufficiency of the evidence to support a disciplinary decision following a hearing on October 21, 2013 for an October 9, 2013 CDC-115.

The third amended complaint has not cured the deficiencies that the court identified previously and fails to state a claim for retaliation. The court earlier explained that Mr. Stephen's "conclusory allegation that Lieutenant Williams took actions because of some unspecified 'grievances' does not adequately identify the First Amendment activities that allegedly prompted the retaliation acts because Mr. Stephen fails to identify the grievances he had filed and when he filed them." (ECF No. 18 at 3.) Mr. Stephen mentions rule-violation reports (two written by Lieutenant Williams and three written by other correctional personnel) and inmate appeals, apparently believing that all adverse events are retaliatory, but that is not true as a matter of logic. Also, that approach does not adequately cover all the elements of a § 1983 claim for retaliation. The third amended complaint fails to adequately identify the First Amendment activities that allegedly prompted the retaliatory acts against him and fails to allege facts plausibly suggesting that the disciplinary actions were *because of* his First Amendment activities. The retaliation claim is dismissed. Further leave to amend will not be granted because it would be futile. The court has twice explained the elements of a retaliation claim and pointed out the specific deficiencies in Mr. Stephen's claim, but he was unable to cure those deficiencies.

The third amended complaint also includes allegations about parole proceedings that took place in November 2015 at CMF-Vacaville. These allegations involve a separate group of defendants, i.e., psychologist Shaffer, psychologist Geco, and CMF-Vacaville warden Fox. This portion of the third amended complaint includes several copied pages from other documents, many of which do not make sense as a pleading. (*See, e.g.,* ECF No. 20 at 10 (checklist of potential problems in parole proceedings).)

Under Federal Rule of Civil Procedure 20(a) all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." The claims against these three defendants regarding the parole proceedings are not "with respect to or arising out of the same . . . series of transactions or occurrences" as the retaliation claim, as required for permissive joinder. *See* Fed. R. Civ. P. 20(a). These three defendants are not properly

joined with the defendants for the retaliation claim that allegedly arose at San Quentin State Prison. The improper joinder problem can be solved by dismissing or severing the improperly joined parties. *See* Fed. R. Civ. P. 21.

The court must conduct a prejudice analysis, including potential statute of limitations problems, before selecting dismissal over severance. *See Rush v. Sport Chalet, Inc.,* 779 F.3d 973, 975 (9th Cir. 2015). The statute of limitations for a § 1983 claim filed in California is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years for a plaintiff who is in prison "for a term less than for life." *See* Cal. Civ. Proc. Code §§ 352.1, 357. A continuously incarcerated plaintiff thus has four years to bring his action. None of Mr. Stephen's claims would be time-barred by dismissal of the defendants who were joined improperly because those claims appear to be based on events occurring at or around the November 2015 parole proceedings. Mr. Stephen appears to be years away from the expiration of the statute of limitations deadline for him to file a new § 1983 action asserting those claims. Dismissal of the improperly joined defendants is preferable because further amendment of the claims against those defendants will be necessary, and it is preferable that Mr. Stephen start over with a new complaint (rather than a fourth amended complaint) limited to his claims against those defendants and to file it in the proper venue. The Eastern District of California, rather than the Northern District of California, is the proper venue for a complaint alleging violations of Mr. Stephen's rights during parole proceedings at CMF-Vacaville, because that facility is located in Solano County and therefore within the Eastern District. This action has not progressed beyond the pleading stage, so there is no effort that will have been wasted in this case. For these reasons, the court finds that there would be no prejudice to Mr. Stephen due to the dismissal of the improperly-joined defendants and therefore selects dismissal over severance. Accordingly, the court will dismiss psychologist Jennifer Shaffer, psychologist Geco, and CMF-Vacaville warden R. W. Fox as improperly joined. The dismissal of these three defendants is without prejudice to Mr. Stephen filing a new action in the proper venue asserting claims against the dismissed parties. (This is not to say that the claims against the dismissed parties are meritorious, but simply that

5

those claims must be pursued in a separate action, if at all.)

Mr. Stephen filed a second motion for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The pleading problems in Mr. Stephen's retaliation claim are his inability or unwillingness to allege necessary facts, notwithstanding instructions from the court on the need to allege such facts. This is not an instance where a prisoner-plaintiff appears to have a meritorious claim that is being turned away due to some technical legal jargon missing from the pleading. Mr. Stephen's motion for appointment of counsel therefore is DENIED. (ECF No. 19.)

Mr. Stephen's request for the court to order the Marshal to serve process is DENIED. (ECF No. 21.) Because the court is dismissing this action, no defendant will be served with process.

## CONCLUSION

For the foregoing reasons, this action is dismissed. The third amended complaint is dismissed without leave to amend because it fails to state a claim upon which relief may be granted against the defendants at San Quentin State Prison. The claims based on the parole proceedings at CMF-Vacaville are dismissed without prejudice to Mr. Stephen's pursuing those claims in a new action in the Eastern District of California. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 23, 2016

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIMMIE E. STEPHEN,

        Plaintiff,

    v.

HAL WILLIAMS, et al.,

        Defendants.

Case No.  3:15-cv-03107-LB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 23, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jimmie E. Stephen ID: C56483
Vacaville State Prison CMF J-187-L
PO Box 2500
Vacaville, CA 95696

Dated: September 23, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Lashanda Scott, Deputy Clerk to the
Honorable LAUREL BEELER